IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH RAY EDWARDS, #1349599, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-0558-P |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent.[1] | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Wynne Unit in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of the Case:  Following his plea of not guilty, a jury found Petitioner guilty of possession of a controlled substance (cause number F05-49223-K) and possession of a firearm

---

[1] The previously-named respondent in this action was Nathaniel Quarterman. On July 15, 2009, Rick Thaler succeeded Nathaniel Quarterman as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d), of the Federal Rules of Civil Procedure, he is "automatically substituted as a party."

by a felon (cause number F05-49224-K) in Criminal District Court No. 4 of Dallas County, Texas. Petitioner pled true to the enhancement paragraphs, and the court assessed punishment at forty and fifteen years imprisonment respectively. The Fifth Court of Appeals at Dallas affirmed both convictions. *See Edwards v. State*, No. 05-06-0234-CR (Tex. App. – Dallas Apr. 23, 2007) (unpublished); *Edwards v. State*, No. 05-06-0235-CR (Tex. App. – Dallas Apr. 23, 2007, pet. ref'd) (unpublished).[2]

On November 20, 2007, Petitioner filed two state habeas applications pursuant to art. 11.07, Tex. C. Crim. P., challenging each of his state convictions. *See* State Habeas Court Record (SHCR) No. W05-49224-K. On August 20, 2008, the Texas Court of Criminal Appeals denied the applications without written order on the trial court's findings without a hearing. *See Ex parte Edwards*, Nos. 70,218-01 and 70,218-02.

On March 25, 2009, Petitioner filed this federal petition challenging both state convictions. In four grounds, he alleges as follows: the state habeas proceedings were defective; trial counsel rendered ineffective assistance; and the trial court conducted a pre-trial hearing outside of Petitioner's presence. (Petition at 7-8).[3]

In response to the court's order to show cause, Respondent filed an answer along with the state court record. He argues the petition is untimely as to the drug conviction, and without merit as to the firearm conviction. Petitioner has filed a reply objecting to the same.

---

[2] Petitioner filed a petition for discretionary review (PDR) in only the firearm possession case. *See* P.D.R. No. 0889-07.

[3] For purposes of this recommendation, the petition is deemed filed on March 9, 2009, the date Petitioner signed it and presumably placed it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). In this case the one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[4]

Petitioner did not file a PDR following the affirmance of his drug possession conviction. As a result, that conviction became final on May 23, 2007, thirty days after the judgment was affirmed. *See* Tex. R. App. Proc. 68.2(a)(rules governing filing of PDR); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2909 (2007) (conviction final thirty days after judgment is affirmed because no PDR). As of November 20, 2007, the date on which Petitioner filed his art. 11.07 application, 180 days of the one-year limitations period had elapsed. The state application remained pending until its denial on August 20, 2008, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).

The one-year period resumed running on August 21, 2008, and expired 185 days later on February 21, 2009. Since that date fell on a Saturday, the limitations period was extended to Monday February 23, 2009. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998). As noted above, the earliest possible date on which Petitioner can be deemed

---

[4] Section 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final.

to have filed his federal petition is March 9, 2009, fifteen days after the limitations period expired. Therefore, his petition is clearly untimely as to the drug possession conviction.

Relying on *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001), Petitioner asserts that his "motion for extraordinary review," filed after the denial of his art. 11.07 application, statutorily tolled the limitations period. (Pet's Reply at 1-2). *Emerson* held that despite an apparent prohibition on motions for reconsideration or rehearing of habeas petitions, *see* Tex. R. App. 79.2, "[the] AEDPA's one-year statute is tolled during the period in which a Texas habeas petitioner <u>has filed</u> such a motion" and such tolling "lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Id.*; *see also Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002) (following *Emerson*).

Unlike *Emerson*, Petitioner filed his "motion for extraordinary writ" in connection with a motion for leave to file a writ of mandamus. *See Ex parte Edwards*, No. WR-70,218-03. Petitioner filed no such motion in either of his state habeas cases. *See Exparte Edwards*, Nos. WR-70,218-01 and -02. As such, *Emerson* is inapplicable. To the extent, Petitioner seeks to extend *Emerson* to his motion for leave to file a writ of mandamus, his claim is meritless. The Fifth Circuit Court of Appeals has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s statutory tolling provision. *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Petitioner's equitable tolling request fares not better. (Pet's Reply at 4). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000)

(quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner delayed filing his state writ by 180 days after his conviction became final. Following the denial of his state writ, he delayed an additional 185 days before submitting the federal petition for filing. His reply provides no explanation for either delay, which appears to have been of his own making. Unexplained delays do not evince due diligence. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.").

Insofar as Petitioner relies on the pendency of his motion for leave to file writ of mandamus to justify the delayed filing of his federal petition, his claim is unavailing. Although Petitioner was seeking copies of answers, motions, pleadings, or orders filed in response to his state habeas applications, he conceded having received the state court's findings of fact and conclusions of law and trial and appellate counsel's affidavits. Moreover, the filing of his federal petition on March 9, 2009, five months before the denial of his motion for leave to file writ of mandamus, defeats any assertion that he was unable to prepare his federal petition without the missing documents.

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the

District Court should refuse to apply equitable tolling in this case. Accordingly, as it relates to the drug possession conviction, the petition should be dismissed as time barred.

As it relates to the firearm conviction, the petition is without merit and should be denied.

In his first ground, Petitioner challenges the adequacy of state habeas proceedings. Infirmities in collateral proceedings are not grounds for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)).

Respondent correctly points out that Petitioner did not adequately exhaust his claims in grounds two and three – that trial counsel rendered ineffective assistance because he failed to raise his "only viable defense," namely an illegal search and seizure, and that Petitioner was denied the opportunity to attend a pretrial hearing on a motion for continuance on January 13, 2006, in violation of his due process rights. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to exhaust state remedies and give the State the first opportunity to correct any violations of federal rights, state prisoner must "fairly present" his claims to the state court).

A review of the state court record confirms that Petitioner did not fairly present grounds two and three in his art. 11.07 applications. While Petitioner raised ineffective assistance of counsel, he did so only in the context of counsel's failure to prepare for trial and interview witnesses, not the alleged failure to challenge the illegal search and seizure at the time of Petitioner's arrest. *See* Mem. in Supp. of St. Hab. Pet., SHCR No. W05-49224-K at 21-36. Likewise, the art. 11.07 applications mentioned the January 13, 2006 pre-trial hearing (allegedly conducted in his absence) only in passing in the context of ineffective assistance of counsel, not

6

as a stand alone due process violation.  *See Id.*, SHCR No. W05-49224-K at 26-27.  To exhaust state court remedies, a habeas petitioner must assert his "'claim in terms so particular as to call to mind a specific right protected by the federal Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation.'"  *Taylor v. Cain*, 545 F.3d 327, 332 (5th Cir. 2008).

Petitioner's failure to present grounds two and three to the highest court in Texas constitutes a procedural default that bars this court from considering his claims.  *See In re Bagwell,* 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004).  Were this court to require Petitioner to present these claims to the Court of Criminal Appeals, they would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4.  *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir.1997)  (The abuse-of-the-writ doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition.").  Since "article 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994," Petitioner's claims are procedurally defaulted.  *Smith v. Johnson,* 216 F.3d 521, 523 (5th Cir. 2000).

Petitioner has not attempted to overcome the procedural bar by demonstrating cause and prejudice or a fundamental miscarriage of justice.  *Id.* at 524.  In his reply, he merely alleges that his claims of ineffective assistance of counsel were presented to the state courts.  Even when liberally construed, his pleadings do not show cause for failing to raise either the second or the

third ground to the Court of Criminal Appeals. Nor can he establish that he is actually innocent of the firearm or drug possession charges. Accordingly, the procedural default doctrine bars federal habeas review of Petitioner's second and third grounds for relief.

In his fourth ground, Petitioner alleges counsel failed adequately to prepare for trial by conducting a thorough pre-trial discovery and by interviewing state and defense witnesses. The issue of ineffective assistance of counsel is a mixed question of law and fact. *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006). Thus, the question before this court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent. *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2003); 28 U.S.C. § 2254(d)(1). Additionally, under the AEDPA, a state's factual findings are presumed correct unless rebutted by the petitioner with clear and convincing evidence. *Kitchens v. Johnson,* 190 F.3d 698, 700-01 (5th Cir. 1999).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *See also Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1511 (2000).

Petitioner alleges counsel failed to prepare for trial adequately by conducting a thorough pre-trial investigation. Allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the

outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (quoted case omitted).

Petitioner fails to provide any details whatsoever as to what kind of pre-trial investigation counsel could have conducted, and what evidence such an investigation would have revealed. The record reflects counsel conducted an investigation, although he repeatedly advised Petitioner to accept the state's plea bargain offer. *See* Counsel's affidavit, SHCR No. W05-49223-K at 220-21. Counsel interviewed three witnesses who were present at the scene of the crime, Amanda Harvel, James Hemby, and Stephanie Fortunato, and informed Petitioner their testimony was not credible. *Id.* Counsel also investigated a prior criminal charge. *Id.*

In light of the above, Petitioner's contention that counsel failed to conduct any pre-trial investigation is wholly conclusory. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Even assuming counsel's conduct fell below an objective standard of reasonableness, Petitioner cannot show prejudice -- namely that additional pre-trial investigation would have altered the outcome of his trial.

Next Petitioner complains that counsel failed to investigate and present the testimony of Ricky Cranford, Amber Cranford, Mike Jetter, Matt Harvel, and Andrew Jordan. He states that he gave counsel the name of these witnesses, along with others, but that counsel did not act on the information given.

Complaints of uncalled witnesses are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative. *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002). "'[T]o demonstrate the requisite *Strickland* prejudice, [a habeas

9

petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified at trial.'" *Id.* (quoting *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985)).

In his state habeas applications, Petitioner identified only Matt Harvel, an unidentified "front desk" employee at the motel, an unidentified motel "security personnel," and an unidentified employer in support of his ineffective assistance of counsel claim. *See* Mem. in Supp. of St. Hab. Pet., SHCR No. W05-49224-K at 28, 32-33. He presented no evidence of the witnesses' proposed testimony, or their availability and willingness to testify. Therefore, he cannot demonstrate that he was prejudiced by the absence of these persons's testimony nor can he show that the state court's decision to reject his claim was contrary to or an unreasonable application of clearly established federal law.

In his federal petition, Petitioner submits for the first time some evidence that additional persons (Ricky Cranford, Amber Cranford, Mike Jetter, and Andrew Jordan) should have been called to testify at his trial. Since Petitioner neither mentioned these individuals nor presented the evidence to the state court, his claim is unexhausted and procedurally barred. *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (presenting significant evidentiary support for a claim for the first time in federal court renders the claim unexhausted); *see also Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED in part as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), and that it be DENIED in part with prejudice, *see* 28 U.S.C. § 2254(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 10th day of September, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE